UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 20-821-GW (KS)                                     Date: January 31, 2020

Title      *Heberto Bocanegra v. United States of America*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

              Gay Roberson                                       N/A
              Deputy Clerk                              Court Reporter / Recorder

      Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**BACKGROUND**

On January 24, 2020, Petitioner Heberto Bocanegra ("Petitioner"), a federal prisoner incarcerated at the Federal Correctional Institution (Victorville #II) in Adelanto, California and proceeding *pro se,* filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"). (Dkt. No. 1.) Along with the form Petition, Petitioner attached a typewritten Memorandum outlining his arguments in support of his request for relief ("Attachment to Petition"). (*Id.*)  According to the Petition, Petitioner is incarcerated within this district but was convicted in November 2007, following a guilty plea, in the Northern District of Texas (the "Sentencing Court").  Petitioner alleges that his sentence is illegal and he is "legally and factual [sic] innocent of the conviction on Count Five of his indictment" based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (Petition at 7.)

Petitioner appealed his conviction to the Fifth Circuit, and, on June 5, 2008, the Fifth Circuit dismissed his appeal based on Petitioner's waiver of appeal. *See United States v. Bocanegra*, No. 07-11259 (5th Cir. Jun. 5, 2008).  Petitioner then filed, in the Sentencing Court, a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. *United States v. Bocanegra,* No. 3-07-CR-0190-K(3), 3-09-CV-1006-K (Dkt. No. 1 at 5); *and see U.S. v. Bocanegra*, 2010 WL 2175851 (N.D. TX May 26, 2010).  Petitioner argued, *inter alia*, that he received ineffective assistance of counsel because trial counsel coerced Petitioner to sign a plea agreement and plead guilty.  *Id.*  On May 26, 2010, the Sentencing Court denied Petitioner's motion under 28 U.S.C. § 2255 and denied a certificate of appealability. *Bocanegra,* 2010 WL 2175851, at *5.

Case No.   CV 20-821-GW (KS)                                                Date: January 31, 2020

Title        *Heberto Bocanegra v. United States of America*

In the instant Petition, Petitioner argues that his sentence is illegal because he is legally and factually innocent in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the United States Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is void for vagueness. (*See* Attachment to Petition at 5-6.) Relying on *Davis,* Petitioner challenges the legality of his conviction and sentence imposed in connection with his violation of 18 U.S.C. § 924(c)(1). (*Id.* at 7.)

## DISCUSSION

### I.    Threshold Jurisdictional Issue

A motion under 28 U.S.C. § 2255 ("Section 2255") generally is the exclusive post-appeal mechanism by which a federal prisoner may challenge the legality of his conviction or sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir.), *cert. denied*, 133 S. Ct. 292 (2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Accordingly, a federal prisoner may file a 28 U.S.C. § 2241 ("Section 2241") habeas petition only to attack the "execution of his sentence," not to attack its validity. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (noting that Section 2241 is available only to challenge the manner of execution of a prisoner's federal sentence, not its legality).

Additionally, a petitioner must bring all arguments that he intends to bring in his *initial* Section 2255 motion or risk having later arguments barred as successive. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under Section 2255 is strictly limited. First, *before* a second or successive Section 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Second, a court of appeals may authorize a second or successive Section 2255 motion only if it is based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive . . ., that was previously unavailable." 28 U.S.C. § 2255(h).

There is a "narrow exception" to the generally exclusive nature of the Section 2255 remedy for federal prisoners who wish to challenge the validity of their convictions and/or sentences. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997); *see also Ivy v. Pontesso*, 328 F.3d 1057, 1069 (9th Cir. 2003). Section 2255 contains a "savings clause" or "escape hatch," which allows a federal prisoner to seek Section 2241 relief when a Section 2255 motion is "inadequate or

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Muth*, 676 F.3d at 818; *Harrison*, 519 F.3d at 956. The Section 2255 remedy qualifies as inadequate or ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819. The petitioner bears the burden of proving the inadequacy or ineffectiveness of the Section 2255 remedy. *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

The distinction between Section 2255 motions and Section 2241 petitions impacts not only the type of relief available and the applicable procedural limitations but also carries a jurisdictional component. *See Muth*, 676 F.3d at 818; *Hernandez*, 204 F.3d at 864-65. Section 2255 motions must be heard in the federal district in which the prisoner was convicted and sentenced, *i.e.* in the Sentencing Court. Section 2241 petitions, in contrast, must be heard in the federal district in which the prisoner is confined. As a result, a district court faced with a federal prisoner's Section 2241 challenge to the legality of his conviction and/or sentence must first decide, "before proceeding to any other issue," whether the relief requested may be sought under Section 2241. *Hernandez*, 204 F.3d at 865; *see also Muth*, 676 F.3d at 818 ("Before proceeding to the merits of a § 2241 petition ostensibly brought pursuant to the 'escape hatch' of § 2255, a district court must resolve the threshold question whether a petition was properly brought under § 2241 or whether the filing should instead be construed as a § 2255 motion.").

## II.    Section 2241 Jurisdiction Appears To Be Lacking

The claim alleged in the Petition directly challenges the validity of Petitioner's sentence imposed by the Sentencing Court for violation of 18 U.S.C. § 924(c)(1). As a result, Section 2241 jurisdiction does not exist unless Petitioner shows that Section 2255's savings clause applies and/or that Section 2241 somehow otherwise applies. Petitioner argues that the Petition fits within the section 2255 "escape hatch" provision because he is legally and factually innocent of violating 18 U.S.C. § 924(c)(1) and he has not had an unobstructed procedural path to raise his actual innocence claim because *Davis* was not decided until after the time when the claim should have been raised. (Attachment to Petition at 3.)

The Ninth Circuit has construed the "inadequate or ineffective" language narrowly and made clear that it does not serve as a mechanism for either circumventing the procedural limitations on

Section 2255 motions or obtaining a second chance to present a claim already denied on the merits. *See, e.g., Ivy*, 328 F.3d at 1059; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Therefore, to establish that the Section 2255 remedy is inadequate or ineffective in this case, Petitioner must, in response to this Order:  (1) establish that the Petition makes a claim of actual innocence; *and* (2) demonstrate that he has not had an unobstructed procedural shot at presenting that claim. *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819.

To satisfy the first prong, a claim of actual innocence, a petitioner must show, by a preponderance of the evidence, "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (citation omitted); *Ivy*, 328 F.3d at 1060; *Lorentsen*, 223 F.3d at 954. Factual innocence, not legal insufficiency, is required. *Lorentsen*, 223 F.3d at 954; *see Stephens*, 464 F.3d at 898-990; *Ivy*, 328 F.3d at 1060. Here, the Petition alleges that Petitioner is legally and factually innocent of the crimes of which he was convicted, but only because he contends that statute under which he was convicted has been declared retroactively void by the Supreme Court's holding in *Davis.*

To satisfy the second prong, Petitioner must establish he has "never had the opportunity to raise" his claim in a Section 2255 motion.  *Ivy*, 328 F.3d at 1060 ("it is not enough that the petitioner is presently barred from raising his claim . . . under § 2255.  He must never have had the opportunity to raise it by motion.").  In light of his retroactivity argument, Petitioner does not explain why he could not challenge the legality of his sentence by seeking authorization from the Fifth Circuit to bring a second and successive habeas petition under Section 2255 based on alleged applicability of the *Davis* holding.

At this juncture, the Court is unaware of any independent basis for exercising Section 2241 jurisdiction.  The central purpose of the writ of habeas corpus is to provide a remedy to prisoners challenging the fact or duration of their physical confinement and seeking immediate release or an earlier release.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody"). Section 2241 confers a general grant of habeas jurisdiction when a federal or state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a), (c)(3).  As noted earlier, the federal courts have construed this general grant to encompass a federal prisoner's right

to attack the "execution of his sentence," but not its validity. *Id.* at 1009; *Hernandez*, 204 F.3d at 864; *see also Porter*, 244 F.3d at 1007.

For the reasons stated above, it appears that the Petition is subject to dismissal for lack of jurisdiction. Accordingly, **IT IS HEREBY ORDERED that Petitioner shall file, no later than February 21, 2020 a signed written response to this Order in which Petitioner does <u>one</u> of the following:**

(1) Establishes that the Petition is properly filed as a Section 2241 Petition because either the Section 2255 escape hatch applies – *i.e.*, the Petition makes a claim of actual innocence, which Petitioner has not had an unobstructed procedural shot at presenting – or the Court has another basis for exercising Section 2241 jurisdiction;

(2) Establishes that the Fifth Circuit Court of Appeals authorized Petitioner to file a second or successive Section 2255 motion *before* he filed the Petition and consents to the Court recharacterizing the Petition as a Section 2255 motion and transferring it to the appropriate district court; or

(3) Requests the voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

Petitioner is also cautioned that the Court lacks personal jurisdiction because the Petition fails to name a proper respondent. In a Section 2241 petition, the proper respondent is the warden of the facility where the petitioner is incarcerated, not the United States of America, as Petitioner names here. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr